IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALDEN PAULINE, #A0256259,<br><br>            Plaintiff,<br><br>       vs.<br><br>S. MISHNER, HCF Psychiatrist, LT. HOOMANA, HCF COSD, MARY ROSE, Medical Director,<br><br>            Defendants.<br>_____ | Civ. No. 09-00182 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION AND DISMISS ACTION |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S**
**_IN FORMA PAUPERIS_ APPLICATION AND DISMISS ACTION**

On April 21, 2009, pro se Plaintiff Alden Pauline, filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. On April 28, 2009, Plaintiff filed an *in forma pauperis* ("IFP") application. On April 28 and 30, 2009, Plaintiff filed documents, labeled as a "motions," that the court construes as supplements to the complaint, because they seek the same relief set forth in the complaint. Plaintiff is currently incarcerated at the Halawa Correctional Facility ("HCF").

Plaintiff claims that Defendants HCF Psychiatrist, Shalini Mishra, M.D., HCF Chief of Security, Hanford Hoomana, and Medical Director for the State of Hawaii, Department of Public Safety ("DPS"), Marc Rosen, M.D., (collectively "Defendants")[1], violated his constitutional rights by interfering with his mental

---

[1] Plaintiff mispelled Defendants' Rosen and Mishra's names in his complaint. The court refers to them by their correct names.

health treatment.  Plaintiff alleges that, as a result, he has self-inflicted wounds to his hands and testicles, is hearing voices, and may possibly harm prison employees.  It is unclear what specific relief Plaintiff seeks, although presumably, he wants to be treated by Dr. Takenaka and not Dr. Mishra.[2]

Because Plaintiff has more than three strikes pursuant to 28 U.S.C. § 1915(g), and the complaint is difficult to read and unclear on this point, the court held a status conference to determine whether Plaintiff was in imminent danger of serious physical injury when he filed the complaint.  Plaintiff was present at the conference by telephone.  Thomas Read, Esq., DPS Offender Management Administrator, Kendal Moser, Esq., Deputy Attorney General, and DPS Mental Health Branch Administrator Mark R. Mitchell, Ph.D., were present also present.  After careful consideration of Plaintiff's complaint, supplement, and exhibits attached thereto, and the parties' statements at the conference, this court Finds and Recommends that Plaintiff's IFP application should be **DENIED** pursuant to 28 U.S.C. § 1915(g)and his action should be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and  § 1915A(b)(1).

---

[2]Defendants informed the court at the status conference that Dr. Takenaka can no longer treat Plaintiff because Plaintiff had filed a lawsuit against him.

## I. BACKGROUND

Plaintiff has a history of suicidal ideation and self-mutilation. *See generally*, attachments to Compl. and Suppls. Plaintiff states that, although he hasn't harmed himself in more than a year, when Dr. Mishra transferred him from the HCF medical unit to the HCF Special Holding Unit ("SHU") on April 14, 2009, and discontinued his "social meds," he was forced to harm himself by cutting his hands and testicle. Plaintiff alleges that Defendants are interfering with his mental health treatment plan devised by Dr. Gavin Takenaka and others.[3]  Compl. 6 ¶ 1. Plaintiff threatens that this interference may result in his harming himself again, or harming prison employees.

## II.   DISCUSSION

### A.   Plaintiff is Not in Imminent Danger of Serious Physical Injury

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[3] The court notes that Plaintiff has made the same claim against Dr. Takenaka and others, in Civil Nos. 07-00411 and 09-00061.

granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff has had three or more prisoner actions dismissed as frivolous or as failing to state a claim.  *See e.g., Pauline v. Tufono, et al.*, Civ. No. 08-00194 JMS; *Pauline v. Pali Momi Medical Ctr, et al.*, Civ. No. 08-00195 HG; *Pauline v. H.C.F. Administrator, et al.*, Civ. No. 08-00196 SOM; and *Pauline v. Tufono, et al.*, Civ. No. 08-00389 DAE.

Although Plaintiff states that he has harmed himself again, may be suicidal, and may harm others, Plaintiff has not shown that he was in imminent danger of serious physical injury when he filed this complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that the "imminent danger of serious physical injury" inquiry must be determined as of the date that the prisoner filed the complaint.)  At the status conference, Plaintiff admitted that he was moved to the medical unit on April 15, 2009, after he cut himself.  Plaintiff is on strict observation at the medical unit.  The prison is therefore doing all that is possible to prevent Plaintiff from harming himself or others.[4]  Plaintiff filed the complaint, by signing it

---

    4The court is not suggesting that Plaintiff can only be kept from "imminent danger of serious physical injury" of harming himself or others, by being housed in the prison's medical unit. Nor does the court imply that Plaintiff must remain in the medical unit for the duration of his incarceration.  District Judge Mollway recently denied Plaintiff's IFP application under similar circumstances and claims, after finding that Plaintiff

and giving it to prison officials, on April 15, 2009, after he arrived at the medical unit.  Thus, this court FINDS that Plaintiff was not in danger of serious physical injury on the day that he filed this complaint, nor is he at present.

        The court also notes that Plaintiff's constant claims that he will harm himself (or others) if he is not (1) given the treatment he wants when he wants it; or (2) moved to the infirmary, the HCF mental health unit, the Hawaii State Hospital, or elsewhere when he demands, are not, or should not be, sufficient evidence to find that Plaintiff is in imminent danger of serious physical injury if these demands are not met. Plaintiff cannot "create the imminent danger so as to escape the three strikes provision of the PLRA."  *Taylor v. Walker*, 2007 WL 4365718, *2 (S.D. Ill. 2007); *see also Bell v. Allen*, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell*, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003).  These courts have noted that "[t]o hold otherwise would eviscerate the rule [because] . . . [e]very prisoner would then avoid the three strikes provision by threatening to commit suicide."  *Muhammed*, 2006 WL 1640128, *1.

---

was safe in the HCF high security mental health module, where he was receiving psychological care, noting that HCF has a safety watch and suicide watch can be instituted for Plaintiff when appropriate. *See* Civ. No. 09-00061 [Doc. 13] Order Denying Application to Proceed In Forma Pauperis and Dismissing Action Pursuant to 28 U.S.C. § 1915(g).

5

This is not to say that a suicidal prisoner cannot be in imminent danger of serious physical injury from his suicidal impulses. Plaintiff, however, is not in such danger at this time, nor was he when he filed this complaint.[5]

Furthermore, Plaintiff's vague and conclusory allegations of possible *future* harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g).  *See Cooper v. Bush*, 2006 WL 2054090 (M.D. Fla. 2006) (holding that plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger) (citing *Luedtke v. Bertrand*, 32 F. Supp.2d 1074, 1077 (E.D.Wis.1999) ("Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").  Clearly, Plaintiff's claims that he may endanger the lives of others does not constitute imminent danger to Plaintiff.

---

    5That is not to say that the court does not take Plaintiff's
allegations of his intent to harm himself or others seriously.
The court is aware, however, that Plaintiff, not Defendants, is
ultimately in control of his own behavior.  Plaintiff may, in
fact, harm himself or others no matter what steps Defendants or
DPS officials take to prevent that outcome.

To allow Plaintiff to continue filing suits without requiring payment or any other disincentive, alleging that if he does not get what he wants he will harm himself or others, would enable Plaintiff to dictate where he is housed and what medications he should receive, and hold the Department of Public Safety, its employees, and the court hostage to Plaintiff's demands. This is particularly true in this case where, as discussed below, Plaintiff's complaint again fails to state a claim and is frivolous. It would also allow Plaintiff to circumvent the requirements of § 1915(g), and thwart Congress's stated goal of creating a disincentive for prisoners to file numerous meritless suits.

The court **FINDS** that Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury, and, after Plaintiff's admission in the status conference that he is being closely monitored, it is clear that Plaintiff has not satisfied the requirements of § 1915(g), so as to proceed IFP. Accordingly, the court **RECOMMENDS** that Plaintiff's IFP application be **DENIED**.[6]

---

[6] Normally, the court would recommend that Plaintiff's action be dismissed without prejudice to refiling after payment of the $350.00 is received. In light of the court's finding, **supra**, that Plaintiff's complaint also fails to state a claim, the court does not make that recommendation here.

**B.    Statutory Screening of the Complaint**

The court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2) & § 1915(e)(2)(B).  If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

**C.    Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff complains that Defendants interfered with his mental health treatment by stopping his medication and transferring him to the SHU.  There are several problems with Plaintiff's complaint.

First, Plaintiff is simply alleging that Dr. Mishra, his psychiatrist, has discontinued certain "social meds.," and transferred him from one section of the prison to another. Plaintiff disagrees with this treatment, and alleges that his transfer has interfered with his "treatment plan."[7] A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong: (1) the alleged deprivation must be objectively "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and (2) the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Id.* at 837. A prison official does not act in a deliberately indifferent manner

---

7Plaintiff attaches a copy of his treatment plan to his complaint, numbered at pp. 58-61. The plan is dated February 6, 2009, and signed by Plaintiff, Defendants and many other prison officials. It contains a thorough description of Plaintiff's mental health problems, treatment objectives, and a plan for addressing Plaintiff's particular needs from all prison staff, including guards, psychiatrists, physicians, psychologists, nurses, therapists, etc. Plaintiff does not explain how Dr. Mishra's alleged discontinuation of a certain medication, or his transfer to the SHU, necessarily impacts the detailed treatment plan he has submitted. In fact, Plaintiff's own behavior is contrary to Plaintiff's required compliance with his treatment plan.

unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

A prisoner's civil rights are not abridged, unless "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations do not rise to the level of deliberate indifference. Plaintiff acknowledges that he is

receiving treatment from Dr. Mishra and others.  Although she discontinued a certain medication, that does not constitute the denial of treatment, but simply a different course of treatment.[8]  Moreover, Plaintiff's exhibits show that he has been provided extensive treatment and evaluations for his mental health care, from at least 2004 to the present.  While Plaintiff may disagree with Dr. Mishra's medical recommendations, he has not been denied medical care or mental health treatment.  That Plaintiff disagrees with, or is unhappy with his mental health care is not sufficient to state a claim for violation of his constitutional rights.  This court FINDS that Plaintiff fails to state a claim and RECOMMENDS that the complaint be DISMISSED on this basis.

Second, Plaintiff has an ongoing case, *Pauline v. Rosen*, Civ. No. 07-00411, in which he alleges that the Department of Public Safety and Dr. Marc Rosen are failing to provide him with appropriate mental health care.[9]  Plaintiff is seeking

---

[8] Plaintiff conceded at the status conference that Dr. Mishra has prescribed him several different medicines, but he has refused to take them because he disagreed with her suggestions.  Although enlightening, the court does not consider these statements in screening the complaint, however, but confines this analysis to Plaintiff's allegations within the four corners of the complaint and its attached exhibits.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (holding that, in a motion to dismiss, the scope of review is limited to the contents of the complaint, including any exhibits submitted with the complaint).

[9] Had Plaintiff submitted the same exhibits in Civ. No. 07-00411, showing the type and amount of psychological care he has received, it is likely that it too would not have made it through

injunctive relief in that case, in the form of an order providing him appropriate mental health care.  Although some of the Defendants in these cases differ, Plaintiff's claims remain the same.  If Plaintiff is successful in Civil No. 07-00411, and receives the relief he seeks, the mental health care of his choice, his claim for relief in the present action would be moot.

The court may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case.  *See* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); *see also Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims").  This court FINDS that the claims in this case are duplicative of the claims raised in Civil No. 07-00411, and RECOMMENDS that the complaint be DISMISSED as legally frivolous on this basis.

### III.  CONCLUSION

Because Plaintiff has three strikes and is not in imminent danger of serious physical injury, the court FINDS AND RECOMMENDS that Plaintiff's *in forma pauperis* application should be DENIED.  Because Plaintiff has failed to allege facts which state a cognizable claim, and are legally frivolous, the court

---

screening.

FINDS that the complaint should be DISMISSED in its entirety. Because the court FINDS that amendment to the complaint is futile, it RECOMMENDS that this dismissal be without leave to amend and with prejudice.  Plaintiff is NOTIFIED that, upon adoption of the Findings and Recommendation, this shall count as another strike under 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to make an entry on the docket stating that, upon adoption, this dismissal for failure to state a claim and frivolousness counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 1, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

*Pauline v. Mishner, et al.*, Civ. No. 09-00182 JMS-KSC; Findings and Recommendation to Deny Plaintiff's In Forma Pauperis Application and Dismiss Action; prose attorneys\3 Strikes Ords\dmp\2009\Pauline 09-182 KSC-JMS (F&R dny IFP & FTSC)